UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02644-RGK-PDx                           Date: April 26, 2022

Title   *JW Seals, et al. v. ITEX Group, LLC.*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

|  Isabel Martinez  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) Order to Show Cause Why the Magistrate Judge Should Not Recommend That Plaintiffs' Request to Proceed In Forma Pauperis Be Denied for Lack of Federal Jurisdiction

On April 20, 2022, Plaintiffs JW Seals, Jr., Marie Pace, and Vergie Seals ("Plaintiffs"), filed a Complaint against Defendant ITEX Group, LLC for negligence resulting from numerous hazardous and inhumane conditions at Plaintiffs' residence in Beaumont, Texas. [Dkt. No. 1 at 4.] Plaintiffs allege that they were tenants at an apartment building owned by Defendant. [*Id*.] Plaintiffs allege causes of action for negligence, collection of rent on substandard dwelling, breach of implied warranty of habitability, breach of the covenant of quiet enjoyment private nuisance, violation of unfair competition law, intentional infliction of emotional distress, fraud and deceit, and retaliatory eviction. [Dkt. No. 6.] Plaintiffs assert diversity of citizenship under 28 U.S.C. § 1332 as a basis for federal subject matter jurisdiction. [Dkt. No. 1 at 3-4.] Plaintiffs seek compensatory and punitive damages, along with injunctive relief against Defendant ITEX Group, LLC. [*Id*. at 4.]

Plaintiffs have filed requests to proceed in forma pauperis ("IFP Requests") and an application to proceed without prepayment of fees and costs. [Dkt. Nos. 2-5.] Notwithstanding payment of any filing fee or portion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02644-RGK-PDx                              Date: April 26, 2022

Title   *JW Seals, et al. v. ITEX Group, LLC.*

thereof, a complaint filed by a person proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is subject to a mandatory review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court has an independent obligation to determine whether subject matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") For the reasons discussed below, it appears that the Court lacks subject matter jurisdiction over Plaintiffs' claims and that venue is improper.

## I.   Federal Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The burden to establish federal jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Statutes conferring jurisdiction on federal courts must be strictly construed. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. For federal question jurisdiction, § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02644-RGK-PDx                                       Date: April 26, 2022

Title     *JW Seals, et al. v. ITEX Group, LLC.*

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 482 (1987). For diversity jurisdiction, § 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." Generally, there must be complete diversity of citizenship among all the adverse parties for diversity jurisdiction to lie. 28 U.S.C. § 1332(a); *See Caterpillar*, 519 U.S. at 68.

In the Complaint, Plaintiffs assert diversity jurisdiction under 28 U.S.C. § 1332. [Dkt. No. 1.] Plaintiffs Vergie Seals and JW Seals, Jr. assert that they are citizens of California [*Id.* at 1, 3, 6]; however, Plaintiff Vergie Seals in his IFP Request, states that his address is 4650 Collier Street, Apartment 281, Beaumont, Texas [Dkt. No. 2]. Plaintiff Marie Pace alleges that she is a citizen of Beaumont, Texas. [Dkt. No. 1.] The allegations contained in the Complaint relate to conduct that occurred primarily at an apartment building located at 4205 Sarah Street, Unit 131, Beaumont, Texas. [Dkt. Nos. 1 at 4; 6 at 2.] Plaintiffs assert that Defendant ITEX Group, LLC is incorporated under the laws of Texas and has its principal place of business in Texas. [Dkt. No. 1 at 3.]

Upon review of the Complaint, the Court concludes that complete diversity among the parties does not exist because Plaintiff Marie Pace (and possibly Plaintiff Vergie Seals) and Defendant ITEX Group, LLC appear to be citizens of Texas. [Dkt. Nos. 1 at 1-3, 6; 2.] Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004) ("Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."). Accordingly, it does not appear that the Court has diversity jurisdiction over this matter. Nor does the action appear to assert any viable federal claim or otherwise arise under federal law. 28 U.S.C. § 1331; *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02644-RGK-PDx                                Date: April 26, 2022

Title   _JW Seals, et al. v. ITEX Group, LLC._

F.3d 938, 947 (9th Cir. 2014) (federal question must be presented on the face of a properly pleaded complaint).

## II.   It Appears that Venue Does Not Lie in the Central District of California

The Court may raise the question whether venue is proper on its own initiative. *See Costlow v. Weeks*, 790 F.2d 1486, 1487–88 (9th Cir. 1986); *Emrit v. Horus Music Video Distribution*, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed" (citations omitted)); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause).  Plaintiffs bear the burden of demonstrating the propriety of venue within the district in which they file their complaint. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (Plaintiffs bear the burden of demonstrating that venue is proper.).  "Venue is determined at the time the action is commenced." *Haney v. United Airlines, Inc.*, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (citations omitted).

A federal civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Here, Defendant ITEX Group, LLC is a citizen of Texas and the events giving rise to the claims in the Complaint took place in Texas.  Assuming arguendo that Plaintiffs can demonstrate federal subject matter jurisdiction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:22-cv-02644-RGK-PDx | Date: April 26, 2022 |
| Title   _JW Seals, et al. v. ITEX Group, LLC._ | |

it appears that venue would lie in the Eastern District of Texas.  *See* 28 U.S.C. § 124(c).

      For the reasons stated above, it appears that the Court lacks subject matter jurisdiction over Plaintiffs' claims and that venue does not properly lie within this district.  Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** why the Magistrate Judge should not recommend that Plaintiffs' IFP Requests [Dkt. Nos. 2-5] be denied for lack of federal jurisdiction.  In their response, Plaintiffs must identify any factual or legal errors in the Court's analysis and should explain why federal subject matter jurisdiction exists and why venue is proper in the Central District of California. The deadline for filing a response to this Order to Show Cause is **May 10, 2022**. Plaintiffs are expressly cautioned that the failure to file a timely response to this Order to Show Cause will result in a recommendation that Plaintiffs' IFP Requests be denied and this action be dismissed for lack of federal jurisdiction.

**IT IS SO ORDERED**.

                                                                                                                  :
                                                                                                                  im

                                                                                               Initials of Preparer